```
_____ FILED           _____ RECEIVED
_____ ENTERED         _____ SERVED ON
           COUNSEL/PARTIES OF RECORD

              DEC 3 0 2010

          CLERK US DISTRICT COURT
            DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANDREW L. MEEKS, II, #52872 | ) ) ) | |
| Plaintiff, | ) ) | 3:10-cv-00563-ECR-VPC |
| vs. | ) ) | **ORDER** |
| STATE OF NEVADA, *et al.*, | ) ) | |
| Defendants. | ) ) / | |

On December 14, 2010, the court dismissed with prejudice this *pro se* civil rights complaint (docket #10), and judgment was entered (docket #12). Before the court is plaintiff's motion for reconsideration of order (docket #13).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In the order of December 14, 2010, the court dismissed the complaint–which alleged that a corrections officer opened and censored one single letter from plaintiff without following procedures set forth in prison regulations–because the harm alleged was *de minimis* (docket #10). Plaintiff has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's order dismissing the action should be reversed.

//

//

//

//

//

//

//

2

1       **IT IS THEREFORE ORDERED** that plaintiff's motion for district judge to reconsider

2 order dismissing case (docket 13 ) is **DENIED.**

3

4

5       DATED this **30** day of ___December___ , ~~2011~~. 2010 ECR

6

7

8        _Edd C Re._
                 UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26